UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE SCHAF,

Plaintiff,

v.

Civil Case No. 19-11695
Honorable Linda V. Parker

FEDERAL EXPRESS CORP. d/b/a
FEDERAL EXPRESS CORP.
LONG-TERM DISABILITY PLAN,

Defendant.
________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT**

This is an action for long term disability ("LTD") benefits pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff Gene Schaf ("Plaintiff") filed this lawsuit on June 7, 2019, challenging Defendant's decision to deny him LTD benefits. The matter is currently pending before the Court on the parties' cross motions for judgment on the administrative record. Finding the facts and legal arguments adequately presented in their briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

**Factual and Procedural Background**

Plaintiff worked as a Courier (Heavy) at Federal Express Corporation ("Fedex") and was a participant in the Fedex Long-Term Disability Plan ("Plan"),

an employee welfare benefit plan governed by ERISA. Aetna Life Insurance Company ("Aetna") administered the plan.

In 2013, Plaintiff was found "Occupationally Disabled" and eligible for short-term disability benefits under the Plan. Those benefits expired after 26 weeks and Plaintiff was automatically enrolled in the LTD Plan, which provides two types of disability benefits: occupational disability and total disability. Plaintiff was deemed eligible for the former and received those benefits for twenty-four months, through April 17, 2016.

To receive LTD benefits beyond twenty-four months, an individual must meet the Plan's definition of "total disability." (*See* AR 00001, ECF No. 13-2 at Pg ID 39.) "Total disability" is defined in Section 1.1(ii) of the Plan as "the complete inability of a Covered Employee, because of a medically-determinable physical or functional impairment (other than an impairment caused by a mental or nervous condition or a Chemical Dependency) to engage in any compensable employment for twenty-five hours per week." (AR 00886, ECF No. 13-9 at Pg ID 931.) In a letter dated March 3, 2016, Aetna informed Plaintiff that he was not eligible for continued LTD benefits. (AR 0008-0009, ECF No. 13-3 at Pg ID 47-48.) Plaintiff also was advised of his right to appeal the decision, which he did. (*Id*.; AR 00012, ECF No. 13-3 at Pg ID 51.)

On June 3, 2016, Aetna upheld the denial and informed Plaintiff of its decision. (AR 00001-00003, ECF No. 13-2 at Pg ID 39-41.) Despite the opinions of Plaintiff's treating physicians that he was incapable of even part-time employment due to his multiple sclerosis and Crohn's Disease (AR 00020, 00024, ECF No. 13-3 at Pg ID 59, 63), Aetna determined that "there are no significant objective findings to substantiate that a functional impairment exists that would preclude work in any compensable employment for twenty-five hours per week." (AR 00003, ECF No. 13-2 at Pg ID 41.) Aetna concluded its June 3 denial letter with information concerning Plaintiff's right to file a civil action to challenge the decision:

> This decision represents the final step of the administrative review process. You have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act (ERISA). Section 8.7 of the Plan states "A Covered Employee shall have three (3) years from the date of the appeal decision to file an action under ERISA." …

(*Id*.; *see also* AR 00938, ECF No. 13-9 at Pg ID 983.)

As indicated, Plaintiff filed this ERISA action on June 7, 2019. (ECF No. 1.) Defendant filed an Answer to the Complaint on July 19, 2019. (ECF No. 3.) On August 21, 2019, without obtaining consent or leave of court, Defendant filed an Amended Answer. (ECF No. 10.) Plaintiff filed an "Objection" to the Amended Answer the following day (ECF No. 11), which the Court struck as an improper filing (ECF No. 12).

The parties thereafter filed their cross-motions for judgment in accordance with this Court's ERISA Benefits Case Management Scheduling Order, with Plaintiff filing his motion on November 6, 2019 (ECF No. 14) and Defendant filing its motion on November 8, 2019 (ECF No. 15). Both sides filed response briefs (ECF Nos. 16, 17). Defendant additionally filed a reply brief in support of its motion. (ECF No. 18.)

In his motion for judgment, Plaintiff argues that Defendant's decision to deny him LTD benefits was arbitrary and capricious. Defendant argues in its motion for judgment that Plaintiff's ERISA action is barred by the three-year limitations period set forth in the Plan. Alternatively, Defendant contends that its decision was not arbitrary and capricious. The Court addresses Defendant's limitations argument first because, if correct, there is no reason to decide the correctness of the denial decision under the applicable standard of review.

**Applicable Law and Analysis as to Statute of Limitations**

Defendant argues that Plaintiff's challenge to the administrative decision is barred by the limitations period set forth in the Plan. (ECF No. 15 at Pg ID 1043-44.) Plaintiff responds that Defendant waived this affirmative defense because Defendant did not raise it in its initial Answer to the Complaint and its Amended Answer, although raising the defense, was not properly filed. (ECF No. 17 at Pg ID 1068.) Alternatively, Plaintiff asserts that the statute of limitations did not

begin to run until June 7, 2016, and therefore this action was timely filed. (*Id*. at Pg ID 1068-70.)

Defendant failed to raise the statute of limitations in its initial Answer to the Complaint. While Defendant attempted to correct its omission in an Amended Answer, that pleading was not filed in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15. Pursuant to Rule 15, Defendant could "amend its pleading once as a matter of course within … 21 days after serving it[]" or thereafter upon receiving Plaintiff's written consent or leave of court. Fed. R. Civ. P. 15(a). Defendant's Amended Answer was filed more than 21 days after the initial Answer was filed, and Defendant did not seek Plaintiff's consent or leave of court before filing it.

Rule 8(c) of the Federal Rules of Civil Procedure requires a party to assert certain affirmative defenses, including the statute of limitations, when responding to a pleading. The purpose of the rule "is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir.1993) (citing *Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)). Therefore, "[a]s a general rule, failure to plead an affirmative defense results in a waiver of that defense." *Old Line Life Ins. Co. of Am. v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005) (citation omitted).

Nevertheless, "[i]t is well established … that failure to raise an affirmative defense by responsive pleading does not always result in waiver." *Moore, Owen, Thomas*, 992 F.2d at 1145 (citation omitted). The Sixth Circuit has advised that "'a district court may, in its discretion, allow a defendant to raise an affirmative defense for the first time in a motion for summary judgment if doing so does not result in surprise or prejudice to the plaintiff.'" *Rogers v. IRS*, 822 F.3d 854, 864 (6th Cir. 2016) (brackets omitted) (quoting *Lauderdale v. Wells Fargo Home Mortg.*, 552 F. App'x 566, 573 (6th Cir. 2014)). With respect to whether the plaintiff will suffer surprise or prejudice, the Sixth Circuit has stated:

> Whether or not a court will find prejudice depends in large part on the amount of time a party had to bring the affirmative defense and its reason for not doing so earlier. *See, e.g., Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818, 824 (6th Cir. 1990) (delay of nineteen months was held to establish prejudice). A court will also consider the time and expense of discovery. *See, e.g., Data Digests, Inc. v. Standard & Poor's Corp.*, 57 F.R.D. 42, 45-46 (S.D.N.Y. 1972).
>
> What all this comes down to is this: where there is unfair prejudice, a party is taken by surprise, or unnecessary delay, the general waiver rule applies; on the other hand, where there is no unfair prejudice, surprise, or delay, the general waiver rule is left to the district court's discretion. *See Moore, Owen, Thomas & Co.*, 992 F.2d at 1445.

*Rogers*, 822 F.3d at 864-65.

Plaintiff cannot claim surprise by Defendant's assertion of the statute of limitations in its motion for judgment, as Plaintiff was aware that Defendant raised

the defense in its—albeit procedurally improper—Amended Answer.[1] This is not a case where the delay has jeopardized the plaintiff's ability to conduct relevant discovery. Moreover, Plaintiff had the opportunity to respond to Defendant's statute of limitations argument. *Stupak-Thrall v. Glickman*, 346 F.3d 579, 585 (6th Cir. 2003) ("Because the plaintiffs had a fair opportunity to respond to the government's statute of limitations argument, we find that the plaintiffs suffered no prejudice and, therefore, the government did not waive their defense.") Thus, this Court concludes that Defendant did not waive this affirmative defense.

"Because ERISA does not explicitly provide a limitations period for § 1132(a)(1)(B) claims, courts fill the statutory gap using federal common law." *Patterson v. Chrysler Grp., LLC*, 845 F.3d 756, 762 (6th Cir. 2017) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983); *Clearfield Tr. Co. v. United States*, 318 U.S. 363, 367 (1943)). Unless the plan provides a limitations period, Sixth Circuit law instructs courts to apply "'the most analogous state statute of limitations' of the forum state." *Id.* at 762-63 (quoting *Santino v. Provident Life & Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001)). As set forth above, the Plan here provides a limitations period: "A Covered Employee

[1] Had Plaintiff filed the appropriate motion to strike Defendant's improperly filed Amended Answer, the Court may very well have granted it because the pleading was filed in violation of Rule 15. Nevertheless, the Court expects that Defendant then would have followed the proper procedure to amend its pleading. Most likely, that motion also would have been granted.

shall have three (3) years *from the date of the appeal decision* to file an action under ERISA." (AR 00938, ECF No. 13-9 at Pg ID 983 (emphasis added).)

The decision to deny Plaintiff's appeal is dated June 3, 2016. Plaintiff argues, however, that the limitations did not begin to run until June 7, 2016, because that is when he received the appeal letter. Running the limitations period from an earlier date, Plaintiff contends, "would be objectively unfair" and against ERISA's "purpose of ensuring a fair opportunity for judicial review" and serving "as a remedial statute." (ECF No. 17 at Pg ID 1067-68.) Citing *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 962 (9th Cir. 2001), Plaintiff argues that the common law mailbox rule should be used to determine when the limitations period started to run. (ECF No. 17 at Pg ID 1069.)

The mailbox rule is relevant, however, only for determining when a communication was received or sent. *See, e.g.*, *Schikore*, 269 F.3d at 961 (citations omitted) ("The mailbox rule provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time. It is a settled feature of the federal common law."). In *Schikore*, the rule was employed to determine when the plaintiff sent a form to the plan, as the plan's rules required a participant to submit the form a year before requesting a lump-sum disbursement of benefits. *Id*. at 958-59. Here, the Plan's relevant terms speak to when the appeal decision was made, *not* when it was

received. General rules of contract interpretation guide the construction of an ERISA plan and the plan must be interpreted in accordance with its plain meaning, giving effect to its unambiguous terms. *See, e.g.*, *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 712 (6th Cir. 2000) (citations omitted). In short, neither the mailbox rule nor the decision in *Schikore* are relevant to the present matter.

Plaintiff nevertheless cites the First Circuit Court of Appeals' decision in *Santana-Diaz v. Metropolitan Life Insurance Co.*, 816 F.3d 172 (2016), and argues that using the date of the appeal decision as opposed to the date he received notice of the decision is contrary to ERISA's "purpose of ensuring a fair opportunity for judicial review" and its "overall purpose as a remedial statute." (ECF No. 17 at Pg ID 1068.) The present matter is distinguishable from *Santana-Diaz*, however. Enforcing the express terms of the Plan under the facts here would not be contrary to ERISA's remedial purpose.

In *Santana-Diaz*, the administrator's initial and final decision letters informed the plaintiff that he could bring a civil action, but failed to include the time limit for doing so or notice that the right to sue was subject to the limitations period set forth in the plan. 816 F.3d at 176. According to the plan, "no legal action of any kind [could] be filed … more than three years after proof of Disability must be filed." *Id.* at 176-77 (brackets omitted). The plaintiff's civil action was filed beyond the limitations period, but the First Circuit refused to

enforce the terms of the plan due to the administrator's failure to note the time period in its final denial letter. *Id.* at 178. The court found that the omission of the limitations period in the denial notice violated Section 503 of ERISA, 29 U.S.C. § 1133, and the applicable regulation, 29 C.F.R. § 2560.503-1(g)(1)(iv). *Id.* at 179-80; *see also Moyer v. Metro. Life Ins. Co.*, 762 F.3d 503, 505 (6th Cir. 2014) (interpreting section 2560.503-1(g)(1)(iv) as requiring plan administrators to include in denial letters a statement of the claimant's right to bring a civil action and the applicable time limit for doing so).

In this case, Aetna's denial letter specifically and plainly informed Plaintiff of his right to bring a civil action challenging the decision and the time limit for doing so. Thus, unlike *Santana-Diaz*, Defendant did not interfere with Plaintiff's right to receive adequate notice and "a reasonable opportunity" to seek "a full and fair review" of the denial decision. 29 U.S.C. § 1133. As such, the Court concludes that the contractual three-year limitations period is enforceable.

The decision to deny Plaintiff's appeal is dated June 3, 2016. According to the statute of limitations set forth in the Plan and restated in the denial letter, the limitations period expired on June 3, 2019. Plaintiff filed this action four days too late, on June 7, 2019. This ERISA action, therefore, is time-barred. *See In re Royal Manor Mgmt., Inc.*, 652 F. App'x 330, 339-40 (6th Cir. 2016) (citing cases discussing "deadlines over which courts have no authority, including notice-of-

appeal and statute-of-limitations deadlines"); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."); *Romero v. Allstate Ins. Co.*, No. 01-3894, 2016 WL 3654265, at *6 (E.D. Pa. July 6, 2016) (finding ERISA claims filed by a group of plaintiffs time-barred where they were filed two days beyond the limitations period).

For this reason, the Court finds it unnecessary to decide whether the decision should be reversed under the applicable standard of review.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for judgment (ECF No. 14) is

---

[2] A de novo standard of review applies in an ERISA denial of benefits action "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When the plan grants the administrator such discretion, then a court must review the administrator's denial of benefits under the arbitrary-and-capricious standard. *Id.* at 111, 115. As reflected earlier, the parties both state that Aetna's decision should be reviewed under the arbitrary and capricious standard. Nevertheless, Michigan law proscribes the use of discretionary clauses in disability insurance contracts effective or revised after July 1, 2007, that are subject to the State of Michigan's Insurance Commissioner's administrative rules. Mich. Admin. Code R. 500.2201-2202. The record reflects two amendments to the Plan, both after July 1, 2007. (AR 00846-870, ECF No. 13-9 at Pg ID 891-915.) The Sixth Circuit has held that ERISA does not preempt these rules and any Michigan ERISA plan issued or amended after July 1, 2007 therefore requires de novo review of denials of ERISA benefits. *Am. Council of Life Insurers v. Ross*, 558 F.3d 600 (6th Cir. 2009).

**DENIED** and Defendant's motion for judgment (ECF No. 15) is **GRANTED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 4, 2020